IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

JAMES RANDY ALLEN,            )
                              )    Civil No. 05-436-JE
          Petitioner,         )
                              )
     v.                       )
                              )
BRIAN BELLEQUE,               )
                              )    FINDINGS AND RECOMMENDATION
          Respondent.         )

     Thomas J. Hester
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lester R. Huntsinger
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he raises an *ex post facto* challenge to a 2003 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board"). For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#51-1) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On April 1, 1995, Oregon's Ballot Measure 11 became effective and provided for a 300-month mandatory minimum sentence for Murder. ORS 137.700(1)(a)(A). Several months later, on November 19, 1995, petitioner shot and killed his brother. Following a jury trial, on July 12, 1996, petitioner was convicted of Murder and sentenced to life in prison with a 300 month minimum pursuant to ORS 163.115(5) (1995). Respondent's Exhibit 101.

At that time, Oregon's intentional murder statute provided that a person convicted of murder "shall be punished by imprisonment for life" and that "the defendant shall be confined for a minimum of 25 years without possibility of parole . . ." ORS 163.115(5) (1995). However, because there were no statutory provisions for paroling a person sentenced under this statute, these sentences ended up constituting "true life" sentences. State v. McLain, 158 Or.App. 419, 423-425, 974 P.2d 727 (1999). This had

2 - FINDINGS AND RECOMMENDATION

the practical effect of allowing certain prisoners convicted of **Aggravated** Murder and sentenced to "life imprisonment" to have a parole hearing after serving 25 years in custody (with no possibility of release until 30 years), whereas non-aggravated murderers with a life sentence had no opportunity for parole despite committing a lesser crime. The Oregon Court of Appeals ultimately found this result to be unconstitutionally disproportionate, and concluded that the "proper sentence is the 25-year mandatory minimum sentence required by ORS 137.700(a)(A) and ORS 163.115(5)(b), followed by post-prison supervision for life in accordance with OAR 213-005-0004." Id at 427.

To resolve the problem involving the Board's inability to parole inmates sentenced pursuant to ORS 163.115(5), the "[Oregon] Legislative Assembly promptly enacted legislation that grants the Board express authority to parole a person who has been convicted of murder under ORS 163.115, regardless of the date the crime was committed." State v. Haynes, 168 Or.App. 565, 567, 7 P.3d 623 (2000) (citing Or. Laws 1999, ch. 782, § 2). Specifically, ORS 163.115(5) was amended to provide that a prisoner who served the 25-year minimum sentence could petition the Board for a hearing to allow the Board to determine whether he was "likely to be rehabilitated within a reasonable period of time." ORS 163.115(5)(c) (1999). If the Board made such a finding, it would convert the sentence to "life imprisonment with the

3 - FINDINGS AND RECOMMENDATION

possibility of parole, release to post-prison supervision or work release and may set a release date." ORS 163.115(5)(d) (1999).

On March 31, 2003, the Board revisited petitioner's case and issued Board Action Form ("BAF") #1 in which it retroactively applied ORS 163.115 (1999) and established a hearing review date of November 18, 2020 to determine whether he was rehabilitated and therefore fit for parole. Petitioner objected to the Board's actions on the basis that the retroactive application of the 1999 statute constituted an *ex post facto* violation. According to petitioner, under the applicable law in effect at the time of his crime, he was obliged to serve a 25-year sentence at which point he would be automatically released to post-prison supervision for the remainder of his life. The Board rejected petitioner's argument, leading petitioner to take a direct appeal to the Oregon Court of Appeals. The Oregon Court of Appeals denied petitioner's Motion for Leave to Proceed, and the Oregon Supreme Court denied review. Respondent's Exhibits 106 & 108.

In his Amended Petition for Writ of Habeas Corpus, petitioner alleges that the Board illegally modified his sentence in violation of the *Ex Post Facto* Clause of the federal Constitution. Specifically, he claims that the Board took away his automatic release date and replaced it with a life sentence vesting the Board with the discretion to release him after 25 years should it find him to be rehabilitated.

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I. **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires

5 - FINDINGS AND RECOMMENDATION

the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II.  Analysis.

The *Ex Post Facto* Clause of the U.S. Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 250 (2000). A law violates the Ex Post Facto Clause if: (1) it "appl[ies] to events occurring before its enactment," Weaver v. Graham, 450 U.S. 24, 29 (1981); and (2) "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 504 (1995). The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration. Garner, 529 U.S. at 251.

6 - FINDINGS AND RECOMMENDATION

It is undisputed that the Board retroactively applied the 1999 version of ORS 163.115 and its implementing regulations when it set petitioner's November 18, 2020 review hearing.  The only question the court must decide is whether petitioner was disadvantaged by the retroactive application.  Petitioner argues that before the Board issued BAF #1, he was subject to a determinate 25-year sentence with automatic release to post-prison supervision because the "true life" sentence which he initially received was invalidated by the McLain decision in 1999.  Respondent, on the other hand, argues that petitioner's sentence prior to BAF #1 did not allow him to be released at all, therefore he actually benefitted by the retroactive application of the 1999 version of ORS 163.115 because it gives him an opportunity to obtain parole.  The court adopts neither of these arguments.

At the time petitioner killed his brother, ORS 163.115(5)(1995) purported to impose a life sentence with the possibility of parole after 25 years.  Although there was no statutory vehicle which allowed the Board to parole prisoners, the intent of the 1995 statute was quite clear.  "Whether or not the old statute would in the future, withstand constitutional attack, it clearly indicated [Oregon's] view of the severity of murder and of the degree of punishment which the legislature wished to impose upon murderers." Dobbert v. Florida, 432 U.S. 282, 297 (1977).  Consequently,

7 - FINDINGS AND RECOMMENDATION

ORS 163.115(5) "provided fair warning as to the degree of culpability which the State ascribed to the act of murder." Id.

Life with the possibility of parole after 25 years was the sentence petitioner could expect to face when he committed his crime, and that was precisely the sentence the trial court imposed. More importantly, this is exactly the sentence which currently applies to petitioner following the retroactive application of ORS 163.115(5) (1999) through BAF #1 in 2003. Accordingly, the Board's actions did not cause petitioner to suffer from increased punishment.

Although petitioner argues that he had a settled expectation in the 25-year sentence which the criminal defendant in McClain received after successfully challenging the murder statute on direct appeal, petitioner, unlike defendant McClain, never challenged the constitutionality of ORS 163.115(5) (1995). He therefore never had any expectation that he would be automatically released after serving 25 years in prison. To the contrary, in light of ORS 163.115(5) (1995) and the Judgment entered in his case, petitioner's only expectation was that he would serve 25 years before having an opportunity for parole.

Upon an independent review of the record, the court finds that petitioner was not disadvantaged through the retroactive application of ORS 163.115 (1999). For this reason, the state court decisions denying relief on his *ex post facto* claim are

8 - FINDINGS AND RECOMMENDATION

neither contrary to, nor unreasonable applications of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#51-1) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  6th  day of June, 2007.

                                        /s/ John Jelderks
                                        John Jelderks
                                        United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION